{¶ 30} I respectfully dissent.
 {¶ 31} Because I believe that the "open and obvious" doctrine cannot be applied to the circumstances presented by this case, I would sustain the second and fifth *Page 14 
assignments of error and remand the case for the trial court to assess liability without consideration of that doctrine.
 {¶ 32} Inmate Cordell was being transported in a fashion such that his ability to look forward and to look to his side was significantly obstructed. Another inmate was handcuffed by his side. Other inmates were positioned in pairs in front of him. Hazards, great and small, could only come into his field of vision when they were three feet away or less — probably less. The fact that Cordell's chest was only an arm's length from the back of the inmate does not mean that hazards on the ground were observable for more than an instant before his fall occurred. When humans walk, their lower legs and feet extend behind their backs each time they take a step forward. Cordell was stepping into an area obstructed from view until a second or less before he took his step.
 {¶ 33} In all fairness, I cannot apply the "open and obvious" doctrine to a situation where a person has such limited opportunity to observe the hazard and limited ability to avoid the hazard if it is observed. Being handcuffed to another inmate limited his ability to move left or right. Being transported in a line of paired inmates limited his ability to move forward or backward.
 {¶ 34} With correction officers in complete control under these circumstances, I do not believe that the Ohio Department of Rehabilitation and Correction ("ODRC") had no duty of care to Cordell. Therefore, I believe the issue should only be whether or not ODRC violated its duty of care to Cordell. Again, I would sustain the second and fifth assignments of error and remand the case for appropriate proceedings. *Page 1